Case number 057163 Matthews v. Secretary of Veterans Affairs Mr. Carpenter Mr. Matthews appeals the decision of the Veterans Court for the fail to interpret the question of the interpretation of 38 U.S.C. 1114-J. They did so on the basis, incorrectly, that the Sandstrom decision in this court was controllable. The Sandstrom case involved an interpretation of 38 U.S.C. 5109-A, in which Mr. Sandstrom claimed that $1969, in his case, made an award in 1996. But the Sandstrom opinion specifically quoted from, referred to, and based its decision on 1114-N, didn't it? It did. I mean, I could read a section out of it. No, I haven't got that section. You've got it right there, too. Right there. I don't think I have to read it. And you argued Sandstrom, right? I did argue Sandstrom. And we presented that argument in support of the interpretation of 5109-A. The reference made to the Sandstrom is to reject that argument specifically on the basis that 1114 does not refer to retroactive, and therefore, it was not supportive of the interpretation made by Mr. Sandstrom of 5109-A. Mr. Matthews, however, does not rely on 5109. His claim was not a claim of clear and unmistakable error. His was a case in the normal course of awards of compensation, in which the VA is required to calculate the amount due to him in the award of tasks and benefits. The interpretation only involves the meaning of 1114-J, and in particular, whether or not Mr. Matthews' benefits were correctly calculated. What the VA did, which Mr. Matthews believes is inconsistent with the statute, is to rely upon versions of the statute that were superseded by amendments to that statute, which changed the amount of the calculation of the tasks and benefit. It, therefore, requires an interpretation of the specific phraseology in 1114-A of if and while. Do those terms, if and while, refer to all of the months covered by the award of tasks and benefits? And if so, it is then controlled by... If he had been awarded benefits at the time, he would have received the benefit structure in place at that time, right? It would have been the dollar amounts, which were later amended upward. The prior version, in this case, the 1994 version... So why isn't the government correct that because his award comes later and is retroactive, why aren't they correct what you're really doing is seeking some kind of interest without an express sovereign immunity waiver? Because, number one, 1114-J is an express waiver of sovereign immunity. And more importantly, it goes to what was the law in this case... But, you know, our cases require very explicit evidence that Congress has considered and conferred an interest payment. Well, but there can be no serious argument, Your Honor, that Congress did not waive its right to sovereign immunity by agreeing to pay compensation. 1114-J is the specific statute that authorizes the calculus for what that amount will be. The question in this case, which was not addressed by the Veterans Court, which either needs to be addressed by this Court or needs to be sent back to the Veterans Court to address, is what does 1114-J mean? Does it permit, as the VA does, to allow prior versions of 1114-J for the purpose of calculating a retroactive benefit? Or is this, in fact, not a retroactive benefit, but simply an award made consistent with the statute that existed at the time in which the award is made? And 1114-J, by using the phrase if and while, clearly limits the calculation of the amount of benefits to the amount called for in the statute at the time in which the award is made. Essentially, what the VA is allowed to do by adopting their interpretation of 1114-J is to say, well, it's as though we had really done this, in this case in 1994 and each year thereafter, when in fact they didn't. It took until 2002 for the VA to agree that he was entitled to X number of months of benefits. The question then becomes, X number of months is multiplied by what number? The only number available under the law in existence in 2002 was the 2001 version of 1114-J. And therefore, Mr. Matthews' past benefit should have been calculated under the plain language of 1114-J. Why isn't that exactly what they were seeking in Sandstrom? What is a Sandstrom control? Because it says, you know it says. Yes, I do. And what it says is specifically that it does not involve or use the term retroactive. What is happening under 1154-J... Well, then that's what you're seeking, retroactive payments. No, Your Honor. And you're seeking them at prospective rates. No, Your Honor. I am seeking a calculation of benefits by the direct operation of the statute. I am not seeking, and this court held in Sandstrom that 1114-J or 1114 does not deal with retroactive. It deals with the mere function of the calculation of the benefits. The question is, what is the scope of 1114-J? Does 1114-J, is it inclusive of all of the months of benefits? Or is the VA permitted somehow to retroactively utilize versions of 1114-J that have been superseded? But don't you think any fair explanation of what you're seeking here consists of you're getting retroactive payment for the disability? No, Your Honor. I'm getting what 1114, excuse me. Well, what you're getting is what you would have gotten if, I mean the payment is being backdated for a certain number of years because you weren't paid what it is held that you were owed for that time period, correct? That's correct. Is that a fair, okay. That's correct. But what happens here is that under 1155, the statute requires the VA to assign a rate for the calculation of the amount of compensation to be received, the evaluation of the degree of disability. Once that is done, they move to the implementation of that to calculate the amount due to Mr. Matthews. The amount due to Mr. Matthews is dictated by the plain language of 1114-J. It says if and while he was rated totally disabled, he is to receive $2,193.63. Let me ask you about the numbers. I don't know if you've run the numbers. I don't know if this is necessarily. What's the comparability between, if you do a calculation on interest, what would we do if somehow we found a waiver of sovereign immunity and if we had found that in Sandstrom versus your calculation on what you're seeking here based on the current statute, right? The difference between the way in which the VA calculated it and the way I believe 1114-J requires calculations is just under $20,000. No, but I'm talking about comparing if indeed Sandstrom had gone the other way and a person such as your client would have been entitled to interest payments for this decision retroactive to 1994. How would that compare in terms of what would be up? Mr. Matthews wouldn't qualify under Sandstrom. No, I know that, but let's assume hypothetically that interest payments were available. Do you know whether the interest calculation for the back pay would be comparable to the difference you're seeking here? You understand my question? No, I don't, because there is no interest number provided by the statute. The only number provided by the statute. Did Congress, when it updated these, provide a cost-of-living update? If they're cost-of-living updates, it amounts to interest. Now, it's provided by Congress in its updating, but the question we have is whether we supply, we infer that Congress intended you to receive those updated interest rates. That's correct. Or whether it precluded updated interest by tying you to the times when you would have received the benefit. That's right, and there's nothing in the plain language of 1114 that would permit a conclusion other than the amount called for in the statute is 2163 times the number of months in which he was totally rated for his service-connected disability. So the $20,000 figure that you mentioned uses today's rate. It doesn't use the rate in effect at the time of the payment. That's correct. It takes the 2163 and multiplies it by the number of months from 1994 to 2002, the approximate eight years at issue there, and multiplies that number of months as is contemplated by the statute. 1114 talks about the monthly rate shall be $2,163 per month. But shouldn't the rate at least change annually or whatever? It does. If this individual number is not recalculated, shouldn't the total interest change from year to year? No, Your Honor, and that's why it is a misnomer to talk about this in terms of interest other than the qualification Judge Rayburn made that that's the intention of Congress in a cost-of-living increase is to provide, if you will, interest on the amount of the value of a 100% evaluation. What 1114J dictates is that during the time, if and while, a person is totally rated, you take those total number of months times 2163. If that number of months would be four months, you would take 2163. The complication becomes when it expands beyond 12 months. But there is no monthly limitation imposed in the plain language of the statute to suggest that you use another number as soon as you've gone back far enough in the number of months that the current version of the statute would not apply. And there is nothing to say that the current version of the statute is to be applied other than the way in which Mr. Matthews offers in his interpretation of 1114J, which is if and while means when the VA grants the award, you take the number of months times what the statute calls for. There's nothing in the statute to suggest or permit the VA to escape liability under 1114J by using versions of 1114J which have been superseded, which is, in fact, what they do. They pretend that they, in fact, granted Mr. Matthews in 1994 and each year thereafter until 2002 a total rating. But they didn't do that. They didn't do that until 2002. In 2001, excuse me, in 2002, the 2001 version of the statute called for the total rating to be paid at a monthly rate of 2163. The language used is the monthly compensation shall be. See, I'm into my rebuttal time. I'd like to reserve that. Thank you, Mr. Carpenter. Mr. McNamara. May it please the Court. The decision of the Veterans Court in this case should be affirmed for two reasons. Mr. Matthews' interpretation of Section 1114 runs afoul of the no-interest rule, and it also runs afoul of the presumption against retroactivity. Mr. Matthews is correct that Section 1114 does not explicitly provide for the use of prior versions of 1114 to calculate benefits. But the VA then is left with a question of, because the effective date of the award is set by Section 5110 as the date the veteran's application is received, the VA is left with the question of how to award benefits retroactively. The VA chooses to use prior versions of 1114 because doing so avoids the no-interest problem and the problem of retroactivity, which Mr. Matthews' solution to this problem would implicate. Why doesn't just the plain language of the statute control? It says you figure the disability, and at that time the monthly compensation is provided by statute. The only thing that's changed is the number of months going back retroactively. And that's the crucial point, going back retroactively. The plain language of the statute, of course, controls prospectively. After benefits are awarded, the statute is clear. The monthly compensation shall be, in this case, $2,163. But when you apply the statute to events of the past, you immediately, or when the VA does that, immediately that would implicate presumption against retroactivity, a deep-seated presumption in our law that we don't apply statutes retroactively. So are you conceding the language is clear in Mr. Carpenter's favor, and it's just when the VA considers how indeed to apply that, it becomes clear you shouldn't apply the clear language? Or you're saying there's a lack of clarity in the language of the statute? The statute is clear that it should apply prospectively. There is no clear indication in the statute. Well, what's the language in the statute again? I mean, it applies to awards. I mean, don't you think the clarity of the language goes in Mr. Carpenter's favor, that the language would, unless you find some reason not to, that the language on its face would govern the benefits of Mr. Matthews, that he was awarded? No, I don't think that's correct. Okay, so let's talk about the language. What is it in the language that wouldn't – why is it when you look at that language, that higher amount, the current amount or whatever the amount was at the time, wouldn't apply? The statute says if and while a disability – 1114J says if and while a disability is rated as 100%, the veteran's compensation shall be $2,163. When was this rated? If it's rated, it was rated. Mr. Matthews was. That's correct. While it's rated, when was it rated as 100%? It was rated in 2002. The claim was submitted in 1994, however. So that's the effective date of the claim. There's nothing in 1114. There is no explicit provision for retroactivity, and that's the standard. Congress would need to say this statute applies retroactively. This statute applies for all periods before when the award is made. There is nothing in 1114 or anywhere else that indicates such a clear intent. Why didn't they do that simply by amending the statute? As they amended the statute, they intended the computational amount to change from time to time. If Your Honor is asking why doesn't Congress amend this statute every year? They amended it, got all the amendments that cover pages and pages here. They typically amend it every year. Yes, they amend it every year. Easily enough, if Congress wanted this amount to apply retroactively. My question is exactly the opposite. By doing this, why haven't they indicated their intent to update the amount of monthly compensation applied according to whatever number of months is required in the calculation? Going back, forward, whatever. Because they've never said so explicitly. The language of the statute needs to say this statute applies retroactively. It doesn't say that, and therefore it cannot apply retroactively. The effective date of this statute of 1114J here is December 1, 2001. There's no ambiguity about that. What about Sandstrom? Sandstrom, who looked at this issue, confronted all of the policy and fairness issues here squarely. Mr. Sandstrom made the same argument that Mr. Matthews is making regarding 1114, or very nearly the same argument. There's no distinction here that makes any difference. This Court looked at 1114 and said- But it was looking at 1114N, not J. N doesn't have the Y language in it. That's correct. N doesn't have the Y language in it. If you read the substance of what N deals with, subsection N deals with, it deals with amputees. Subsection J simply deals with a disability rating, which could, in theory, go away. So, therefore, the statute has to say if and while the veteran is rated disabled, because the disability could go away. N deals with amputees. Limbs don't curl back, so Congress doesn't have to say if and while the disability is rated. This Court, in both Smith and in Sandstrom, looked at the no-interest rule and found that, in Sandstrom in particular, that 1114 did not provide a waiver of the no-interest rule. And also that 1114 does not provide for retroactive benefits. It's clear, Sandstrom is clear, and this case is clearly controlled by Sandstrom. For those reasons, this Court should affirm the Disability Veterans Court. Thank you, Mr. McNamara. Mr. Carpenter. Go back to Sandstrom, if you would, for just a minute. Yes. Distinguish it. Number one, Sandstrom deals with an interpretation of 5109A. Yes, but it cites 1114A. Well, it does, and it refers to it in the context of an argument made to support the interpretation of 5109A's language of same effect. And the reason that the Court rejected it in Sandstrom, the interpretation under 1114J was, is they said that 1114J, on its face, does not talk about retroactivity. And that is exactly why we're here today, because 1114 doesn't talk about retroactivity. It only talks about if and why. And I think your Honor focused correctly on the plain language of the statute. And there's only one way to look at that. Now, if the VA thinks that, and frankly, this is the first time we've heard this. I didn't see any of this in their briefs. But if they really think that now, as they explain to Judge Prost, that it's plain on its face, but there's a conflict with effective date, then they promulgate a regulation. And then this Court would have to give deference to that. But they didn't do that. And until they do that, they're stuck with the plain language of the statute. And when the statute mandates them to pay monthly compensation at a specific rate, then they should be required to pay monthly compensation at that rate. And Congress knew, and this Court can reasonably infer the intent of Congress, that every time they changed that amount, they meant that that was the amount which should be compensated for, in this case, a person at a total rate. Unless there's further questions. No questions. Thank you very much. No questions. Thank you, Mr. Carpenter, and thank you, Mr. McNamara. The case is under submission.